■ In the Matter of the Claim of PHILIP R. MONFRE, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 1983, which ruled that claimant was entitled to receive benefits. ¶ The employer appeals from a decision of the Unemployment Insurance Appeal Board affirming an administrative law judge's decision which reversed the initial determination that claimant was disqualified from receiving benefits because he lost his job due to misconduct relating to his employment and because he voluntarily left his employment without good cause. The administrative law judge was confronted with conflicting versions of an incident between claimant and his supervisor. The employer's version, if believed, would have disqualified claimant from receiving benefits, whereas

claimant's version presented nondisqualifying circumstances. Claimant's version was found more credible by the administrative law judge, who decided that, in failing to produce two employees who witnessed the incident, the employer suffered from a presumption that the testimony by these two employees would have been adverse to it. The board affirmed. On this appeal, the employer contends that the use of such a presumption was erroneous and infected the determination to such an extent as to render it arbitrary, capricious and without support in the record. ¶ We conclude that it was not arbitrary or capricious for the administrative law judge to resolve the credibility issue by presuming that the two employees who were not produced would have given testimony contrary to the employer's position. The record reveals that there was apparently some misunderstanding regarding whether these employees would be produced voluntarily by the employer or only after the issuance of subpoenas. We cannot say that it was improper for the administrative law judge, who presided over and was involved in the discussions concerning the production of the two employees, to resolve this misunderstanding by concluding that he had directed that these employees be produced at the subsequent hearing and that the employer had agreed to do so. The record supports this conclusion by revealing that at the original hearing, after the employer mentioned the necessity of a subpoena to produce the employees, the administrative law judge asked whether the employer would be willing to produce the employees and the employer answered that it would, without any further mention of the necessity of subpoenas. Furthermore, in discussions on this issue at the later hearing, the employer's representative apologized for misunderstanding the import of the administrative law judge's direction. ¶ In light of this record and the fact that the administrative law judge was present at the time of the confusion and could observe the parties, we refuse to undermine the administrative law judge's decision that the employer failed to comply with his direction to produce the two employees despite voluntarily agreeing to do so. In the absence of the employees who were supposed to be produced by the employer, the administrative law judge, who is not bound by strict rules of evidence (see Labor Law, § 622, subd 2), could logically presume that the employees' testimony would be adverse to the employer. Thus, it was not arbitrary or capricious or without support in the record for claimant's version of the incident to be credited. Accordingly, the board's decision affirming the administrative law judge's finding and conclusions must be upheld. ¶ Decision affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.